UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: ___11/5/2025___ |

GREAT AMERICAN INSURANCE COMPANY,

        Plaintiff,

        -against-

JEFFREY SIMPSON, OFFIT KURMAN, ARCH
REAL ESTATE HOLDINGS, LLC, and JARED
CHASSEN,

        Defendants.

1:25-cv-2375-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of the attached email and letter, entitled "Emergency Action Relief Request," from Jeffrey Simpson. Mr. Simpson, proceeding *pro se*, previously initiated the above-captioned action in this Court by filing a notice of removal of an interpleader action from the Supreme Court of the State of New York, County of New York [ECF No. 1]. However, in an Order dated July 1, 2025, the Court remanded this action back to state court [ECF No. 32].

    In its Remand Order, the Court explained that, by statute, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (quoting 28 U.S.C. § 1446(b)(2)(A)); *see id.* at 151 (all "defendants must independently express their consent to removal") (internal quotation marks and citation omitted). Here, however, none of the other defendants had provided notice of consent to the removal, and one defendant expressly opposed the removal [ECF Nos. 10, 22]. As such, remand was required. *See id.* at 153 (explaining that a federal court has no discretion where a party fails to meet the statutory requirements for removal).

    Accordingly, this case has been closed for more than four months. Mr. Simpson's request for emergency relief is DENIED because there is no case before this Court, which, therefore, has

no authority to grant any relief.  **Mr. Simpson is directed not to submit further requests for relief to this Court.**

**SO ORDERED.**

Date:  November 5, 2025
       New York, NY

MARY KAY VYSKOCIL
United States District Judge

| From: | Jeffrey Simpson |
|---|---|
| To: | NYSBml_Beckerman"s_Chambers; Will Jagiello; gfh@lhmlawfirm.com; gremesser@aol.com; jdilena@kbrlaw.com; sschechter@kbrlaw.com; NYSBml_JPM.chambers; Vyskocil NYSD Chambers; Vargas NYSD Chambers; NYSD Swain Corresp; Furman NYSD Chambers; Jmcohen@nycourts.gov; Pro Se Filing; raj@mllq.nyc; jkoevary_olshanlaw.com; mbunin@farrellfritz.com; dag@msf-law.com; gkeller@steptoe.com; leslie.thorne@haynesboone.com; allenschwartzlaw@gmail.com; charles@cwertmanlaw.com |
| Subject: | Simpson letter to the Courts, various case numbers, please see attached corr. |
| Date: | Wednesday, November 5, 2025 8:49:42 AM |
| Attachments: | Jeffrey Simpson letter to the Courts 11.5.25.pdf |

**CAUTION - EXTERNAL:**

Good Morning Honorable Justices of the Court.

I respectfully attach a general update letter on the various cases, in which I ask for your consideration.

I have used best efforts to copy the parties for notification, but I will ask Mr. Rajotte to place this letter on the various dockets as I do not have access to Pacer or NYSCEF.

Thank you for your consideration.

Jeffrey Simpson

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

<u>Emergency Action Relief Request</u>     November 5th, 2025

Jeffrey Simpson, personally, Pro Se
Managing Member of JJ Arch LLC, YJ Simco LLC, and personally
1055 Park Avenue
New York, NY 10028

Delivered via email to all parties and Pro Se Intake: (ProSe@nysd.uscourts.gov) and NYSCEF

| | |
|---|---|
| District Judge Honorable Vargas | (1:24-CV-08649) |
| District Judge Honorable Vyskocil | (1:25-CV-02375) |
| District Judge Honorable Ricardo | (1:25-CV-02373) |
| District Judge Honorable Furman | (1:25-CV-04004) |
| District Judge Honorable Carter | (1:23-CV-08966) |
| District Chief Judge Honorable Swain | (1:25-CV-02372 + other Pro Se SDNY actions above) |

Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

| | | |
|---|---|---|
| United States Bankruptcy Court Judge Honorable Mastando III | JJ Arch LLC | (1:24-BK-08649) |
| United States Bankruptcy Court Judge Honorable Beckerman | YJ Simco LLC | (1:25-BK-10437) |
| United States Bankruptcy Trustee Grey M. Zipes | YJ Simco LLC | (1:25-BK-10437) |

Southern District of New York
One Bowling Green
New York, NY, 10004

NYS Judge Honorable Judge Cohen                    158055-2023
60 Centre Street
New York, NY 10007

Re: **Request for Emergency Court Intervention – Respectfully Submitted**

Honorable Justices of the Federal Southern District, Bankruptcy Court, and Honorable Justice of NYS Court:

Dear Honorable Judges,

Following up on my various letters to The Court(s) this past summer:

Again, I recognize that this correspondence does not follow the standard rules of motion practice, and I apologize for any procedural missteps. However, I continue to respectfully request the

1

Court's consideration for emergency intervention due to the exceptional and escalating circumstances involved.

An update since the last writing by me (without counsel):

1. The JJ Arch Bankruptcy Appeal was fully briefed under 24-08649, awaiting decision.
2. We made a motion to the SDNY BK Court under the main case of JJ Arch, 24-08649, whereby we illustrated that the opposition committed acts that were "fraud on the Court" and request to reinstate the Bankruptcy proceeded under 8008. It went unopposed, effective 10/28/25 (14 days from filing).
3. In 25-04004 (by Removal, this would have been the same case as NYS 158055), we illustrated to the SDNY Court whereby there was "fraud on the Court" in response to the opposition aggressive and abusive demands to attack my wife and children for the award of $27,000 of legal fees by Judge Furman, that was Appealed to the 2nd Circuit Court of Appeals. On 10/27/25, the Court responded by reassigning the case to Judge Vargas (the same Judge assigned to the JJ Arch Bankruptcy Appeal). Since then, the opposition continues the harassment on the legal fees, as recent as this week.
4. The Appeal was unopposed and the 2nd Circuit advised that notice shall be provided to the opposition within 91 days of the 30 day expiration for opposition.
5. Today there was be a conference in the YJ Simco BK Court, per my request from several weeks ago to update the Court. YJ is the ultimate owner of JJ Arch and AREH. The BK was converted to a Chapter 7 for two reasons:
    a. My funding for counsel is limited tied to the insurance company leaving me stranded during the JJ Arch bankruptcy because of a fraudulent competing claim by Chassen and Oak using AREH to sue the carrier simultaneously. The carrier has no merit to stop funding and never withdrew coverage. Therefore, the Chapter filing was incomplete and the UST flagged that for Judge Beckerman, rightfully so.
    b. Chassen made a Motion to convert. It was not with grounds then but now that the JDA has been released, it is unquestionable that he has no grounds or authority to do anything since his Resignation occurred prior to any litigation on the signing of the JDA on August 6th, 2023. The day after I fired him for cause and he colluded with Oak to attack me, and it has worked until now.
        i. In lockstep, counsel for Oak and AREH sent a letter last night asking the Court to consider helping them with pursuits on my home.
    c. The Trustee has taken no interest in the pursuits of the issues raised, has commenced abandonment and there are serious concerns as to where this is going.
6. NYS Court 158055-2023 continues to allow the opposition to hurt me, take my (affiliates, family, investors, etc) assets, destroy them and not listen to the merits surrounding the issues even though the same Court acknowledges that the actions cannot be heard in multiple Courts at the same time. It is dumbfounding how this Court has managed this case that was brought on after the opposition started the 1st action against me in the SDNY Court. I have shared the extreme bias by the Court in this venue, that includes the Judge's nomination for reappointment (June 2026) is potentially impacted. Frank Seddio, Chairman of the nomination committee is tied to the opposition through Allen Schwartz. I am not the first to report circumstances whereby NYS Court has

prejudiced against a party when Seddio is involved. There is pending legislation in Albany to stop "for hire" attorneys to participate in Judge nomination as it is an obvious conflict.

    a. The improper Receiver appointment (Chassen had no grounds to solicit) is deteriorating assets that are under the JJ Arch Bankruptcy and its ultimate owner YJ Simco. The Court ignores their actions.

7. Kevin Wiener, Oak, decides to purport that he is going to "wipe me out" of another property that has no Court Order pending, in Florida. He even wrote a letter purporting to be JJ Arch. There is no explanation for this other than he already decimated all of other AREH assets, with a Court Order that did not allow for him to circumvent my consent and utilizing Chassen was clearly improper now that we know that they were unified as one since prior to this litigation.

8. There are numerous State actions and a dozen other derivative litigations that I am stuck with as a result of all of this, none of which could have happened if the findings happened earlier. This also includes decimating personal assets of my family, some of which the opposition attempts to "naw" at constantly, including yesterday.

9. JP Morgan is involved in a number of the actions above with various different lawyers and different venues even though they were part of the main case since the beginning, whereby Chassen utilized the weakness of the transition from FRB to JPM to steal ALL of my banking authority on a one line email in August of 2023 (it is on the docket). The bank pretends that none of this happened with their pursuits even on my personal home residence.

10. I continue to follow up with the criminal justice folks on the various issues. All levels are aware, that has been limited level of action at the local level in Southampton but all parties seem to be reluctant to participate given the various Civil Matters. Court Orders that demand interjection will facilitate their help on investigation that I continue to plead for.

There is lots more and I do not want to plague the various Courts to reread the entire case in this letter, but it is my duty and responsibility to report what is happening herein as this mess that was created by the opposition (on purpose) needs an efficient judicial solution. And to the extent the interlocutory Orders continue to deteriorate assets, there will be virtually no way to "claw back" or backtrack the damage that the opposition has created. One investor of $18,000,000 reached out to me this week where he saw an ad for foreclosure on the asset he invested in at AREH and sought my help but he knows how limited I am in resources to attend to it.

I am not financially in a position to fund the various litigations and keep up the vast aggressive actions that continue to occur without a Judicial solution that is efficient . Benjamin Rajotte has tried his best as sole practitioner to help me but it is extremely stressful to our attorney client relationship, the vast magnitude here and it does not seem to get better quick enough, given the level of damage that has been done. Without a definitive Order to the insurance carrier, I do not have the funding to support these efforts.

Ultimately, a personal bankruptcy may be required without that immediate relief, to stop the attacks, defamation and attempts to ruin the life of me and my family. A personal bankruptcy will also be expensive and involved given the vast amount of property and business that I have

been involved with.   Once again, I plead to the Courts for help and a solution that I have been asking for 1 year now.

1. Put a "stay" on all litigation until it is sorted out which Courts are handling which matters without the need of further Removal or Remand to protect interests and rights.
2. Compel Great American Insurance Company to fund it's contractual defense costs to support my defense in these overly complex matters.
3. Start an investigation of the fraud and misconduct of Wiener and Chassen, starting with the Joint Defense Agreement (that has been avoided from discovery for 2 years now), and although it was provided that also shows trickery because of a botched up document.  If the Courts compel the criminal justice authorities, I can leave the detective work to them and this process can get back on track for judicial resolution.


Respectfully submitted,

/s/ Jeffrey Simpson

4